IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

____FILED ____ENTERED
____LODGED ____RECEIVED

JUL 9 2010

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

| | |
|---|---|
| OLIVIA JOANNE MORGAN | ) |
| Plaintiff, | ) |
| v. | ) |
| LITTON LOAN SERVICING, LP. | ) WMN10CV1865 |
| AMERICAN MODERN INSURANCE GROUP, | ) Civil Action No. _____ |
| and | ) |
| FIELDSTONE MORTGAGE COMPANY, | ) |
| Defendants. | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Litton Loan Servicing, LP ("Litton"), by counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Anne Arundel County, Maryland to the United States District Court for the District of Maryland. As grounds for removal, Litton states as follows:

### Background

1. On or about April 19, 2010, Plaintiff Olivia Joanne Morgan ("Plaintiff") filed a complaint against Defendants Litton Loan Servicing, LP ("Litton"), American Modern Insurance Group, Inc. ("American Modern"), and Fieldstone Mortgage Company ("Fieldstone") in the Circuit Court of Maryland for Anne Arundel County (the "State Court Action"). A copy of the

Complaint is attached hereto as Exhibit "A." The State Court Action was assigned case number 02-C-10-151269.

2. Count I of Plaintiff's Complaint alleges that Defendant Litton owes damages of approximately $500,000 to Plaintiff for certain alleged breaches of contract.

3. Count II of Plaintiff's Complaint alleges that Defendant Fieldstone violated the federal Truth in Lending Act and is liable for approximately $500,000 in damages.

4. Count III of the Complaint alleges that Defendant American Modern breached its contract with Plaintiff and is liable for approximately $750,000 in damages.

5. Despite the State Court Action having been filed in April 2010, Defendants were not served with process of the State Court Action until on or after June 11, 2010, pursuant to summonses that were reissued in the State Court Action. A copy of the State Court Action docket is attached hereto as Exhibit "B."

## **Diversity**

6. This Court has both original and supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1332 and 1367, in that there is complete diversity among the properly-named parties and the plaintiff is seeking damages in excess of the jurisdictional requirement.

7. This case is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides, in pertinent part, as follows:

> a. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between --
>
> (1) Citizens of different states . . .

## Procedural Compliance

8. Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

9. Here, a copy of the Complaint was served on Defendant Litton on June 11, 2010. This Notice of Removal is being filed with the United States District Court for the District of Maryland on July 9, 2010, within 30 days from the date when Litton was served with process. Attached as Exhibit "A" to this Notice of Removal, and incorporated by reference, is a copy of Plaintiff's Complaint and Writ of Summons, which are the only "process, pleadings or orders" conveyed to Defendant Litton in this action. 28 U.S.C. § 1446(a). A copy of the Complaint and Writ of Summons is also filed herewith in a PDF image file.

10. Undersigned counsel for Defendant Litton has made contact with Defendant American Modern, who has asserted that service of process occurred not earlier than June 15, 2010. A copy of American Modern's consent to removal is attached hereto as Exhibit "C".

## Grounds for Removal

11. This Court has subject matter jurisdiction of the removed civil action under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1) because: (a) removal is timely; (b) there is complete diversity of citizenship among Plaintiffs and Defendants; and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Pursuant to statute, a defendant has thirty days from the service of the initial complaint to remove a case. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that the 30-day period runs from formal service of the complaint).

13. This Notice of Removal is timely because: (1) less than thirty days have elapsed since service of the Complaint on June 11, 2010; and (2) this Notice of Removal has been brought less than a year after the commencement of the state action. *See* 28 U.S.C. § 1441.

14. As averred below, the present action is a civil action over which this Court has original jurisdiction under the provision of the United States Code governing diversity jurisdiction. 28 U.S.C. § 1332. Hence, this is a civil action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

15. Plaintiff is an individual resident of Anne Arundel County, Maryland. *See* Ex. A, Complaint at ¶ 1.

16. Defendant Litton is a business entity organized and existing pursuant to the laws of the State of Delaware with its principal place of business in Texas.

17. Defendant American Modern is incorporated under the laws of the State of Ohio with its principal place of business in Ohio. American Modern consents to removal. *See* Ex. C.

18. Litton does not require the consent of the alleged co-defendant, Fieldstone, because, as discussed below, the United States Bankruptcy Court has enjoined proceedings against Fieldstone in any forum other than the Bankruptcy Court, rendering Fieldstone's putative joinder in this matter fraudulent under applicable law.

19. Plaintiff is seeking approximately One Million Seven Hundred Fifty Thousand Dollars ($1,750,000.00) from all three defendants in damages, in addition to equitable relief, attorneys' fees and costs. As such, Plaintiff's demand satisfies the jurisdictional requirement for amount in controversy.

20. Removal of this suit to the United States District Court of Maryland is appropriate because, under the fraudulent joinder doctrine, the nominal presence of Fieldstone does not destroy the complete diversity required for removal.

21. Plaintiff alleges that Fieldstone, a named co-defendant, is a Maryland corporation. *See* Ex. A, Complaint at ¶ 8. However, Fieldstone is currently a debtor in bankruptcy proceedings in the United States Bankruptcy Court for the District of Maryland, Case No. 07-21814-JS. On July 14, 2008, the Bankruptcy Court entered an order confirming Fieldstone's plan of reorganization. *See* Exhibit "D". This order specifically prohibits "all Persons" with claims against Fieldstone from commencing legal action against Fieldstone:

> Except as otherwise provided in the Revised Plan, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against the Debtor or the Estate are, with respect to any such Claims, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, or the Reorganized Debtor or any of their property or any direct or indirect successor in interest to the Debtor[.]

*See* Ex. D, Bankruptcy Court Order at 18-19, ¶ 11.

22. The fraudulent joinder doctrine allows a federal court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). A removing party may show fraudulent joinder where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

23. Removal is appropriate in this case because it is clear, pursuant to the unambiguous order issued by the Bankruptcy Court, that Plaintiff cannot establish a claim as to

Fieldstone in any forum other than the Bankruptcy Court. This necessarily means that Plaintiff cannot pursue any cause of action against Fieldstone in state court. Pursuant to the authorities cited above, these facts implicate the fraudulent joinder doctrine, allowing this court to disregard Fieldstone's citizenship in determining whether diversity jurisdiction is present in this case.[1]

24. Accordingly, pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the Plaintiffs and the Defendant. Diversity jurisdiction existed at the time the Plaintiffs' Complaint was filed, has existed since that time, and exists at the time of the filing of this Notice of Removal.

Respectfully submitted,

July 9, 2010

_____
Daniel J. Tobin (Bar No. 10338)
Jenelle M. Dennis (Bar No. 16127)
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Floor
Bethesda, Maryland 20814-3401
Telephone: (301) 664-6200
Facsimile: (301) 664-6299
tobindj@ballardspahr.com
dennisj@ballardspahr.com

*Attorneys for Litton Loan Servicing, LP*

---

[1] Litton notes that, if Fieldstone were a proper party in this action, federal jurisdiction would be present by virtue of Plaintiff having asserted a claim against Fieldstone under the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.*

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of July, 2010, I caused a true and correct copy of the foregoing Notice of Removal to be delivered via first-class mail, postage prepaid, upon the following:

S. Kennon Scott, Esq.
133 Defense Highway, Suite 205
Annapolis, Maryland 21401

*Counsel for Plaintiff*

Stephen S. McCloskey, Esq.
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, MD 21201

*Counsel for Defendant*
*American Modern Insurance Group, Inc.*

_____
Daniel J. Tobin