Exhibit D

Entered: July 14, 2008
Signed: July 11, 2008
**SO ORDERED**



_James F. Schneider_
**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | * |
| | |
| **FIELDSTONE MORTGAGE** | *    Case No. 07-21814-JS |
| **COMPANY,** |      (Chapter 11) |
| | * |
| Debtor. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER CONFIRMING DEBTOR'S REVISED PLAN OF REORGANIZATION

WHEREAS, on November 23, 2007 (the "**Petition Date**"), Fieldstone Mortgage

Company ("**Fieldstone**"), as debtor and debtor possession (the "**Debtor**"), filed a voluntary

petition with the Court for relief (the "**Chapter 11 Case**") under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**").

WHEREAS, the Debtor has continued to operate its business and manage its properties as

debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on February 11, 2008, the Office of the United States Trustee for the

District of Maryland (the "**U.S. Trustee**") appointed a committee of unsecured creditors in the

Chapter 11 Case (Docket No. 221) (the "**Creditors' Committee**").  No trustee or examiner has been appointed in the Chapter 11 Case.

WHEREAS, on April 14, 2008, the Debtor filed the Debtor's Plan of Reorganization, dated April 14, 2008 (Docket No. 419) (as revised on July 11, 2008 (Docket No. 826), the "**Revised Plan**").  On April 28, 2008, the Debtor filed the Debtor's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code with Respect to Debtor's Plan of Reorganization (Docket No. 483) (as amended on May 30, 2008 (Docket No. 570), the "**Disclosure Statement**").

WHEREAS, on May 30, 2008, after due notice and a hearing held on May 29, 2008, the Court entered an order (Docket No. 571) (the "**Disclosure Statement Order**") that, among other things, (i) approved the Disclosure Statement as containing adequate information, (ii) fixed the last day for filing ballots, (iii) scheduled a hearing for July 10, 2008 at 10:00 a.m. (prevailing Eastern Time) to consider confirmation of the Revised Plan (the "**Confirmation Hearing**") and (iv) established notice and objection procedures with respect to confirmation of the Revised Plan, including a form of confirmation hearing notice (the "**Confirmation Hearing Notice**").

WHEREAS, in accordance with the Disclosure Statement Order, the Debtor transmitted a copy of (i) the Disclosure Statement Order, (ii) the Revised Plan, (iii) the Disclosure Statement (as amended), (iv) a Confirmation Hearing Notice and (v) a ballot to all creditors, Old Equity Interest holders, other parties-in-interest who have requested service, the U.S. Trustee, and all persons entitled to receive notice pursuant to the Bankruptcy Rules.  The solicitation packages distributed by the Debtor (the "**Solicitation Packages**") were transmitted and served in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Disclosure Statement Order.

WHEREAS, adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described in the Disclosure Statement Order was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

WHEREAS, on June 30, 2008 and July 9, 2008, in accordance with the terms of the Disclosure Statement Order and the Revised Plan, the Debtor filed a plan supplement (Docket No. 740) and a modification to that plan supplement (Docket No. 807) (as modified, the "**Plan Supplement**").

WHEREAS, The Disclosure Statement Order established (i) 4:00 PM (prevailing Eastern Time) on July 3, 2008 as the last day for filing ballots containing written acceptances or rejections of the Revised Plan (the "**Record Date**"). The Disclosure Statement Order established 4:00 p.m. (prevailing Eastern Time) on June 27, 2008 as the deadline for preliminary objections to confirmation of the Revised Plan and 4:00 p.m. (prevailing Eastern Time) on July 8, 2008 as the deadline for final objections to confirmation of the Revised Plan.

WHEREAS, the following parties filed only preliminary objections to the Revised Plan: Tarrant County, City of Memphis, Harris County, Grayson County, City of Frisco and United States Department of Housing and Urban Development. Liberty Mutual Insurance Company filed a preliminary and final objections to the Revised Plan. The preliminary and final objections are referred to as the "Objections." The Official Committee of Unsecured Creditors (the "Creditors' Committee") filed a preliminary objection to the Revised Plan and a supplement to its preliminary objection (collectively, the "Creditors' Committee Objection"). Liberty Mutual Insurance Company withdrew its respective objections to the Revised Plan. The Creditors'

3

Committee Objection was resolved by the revisions to the Revised Plan that were set forth on the record at the Confirmation Hearing:

WHEREAS, on July 7, 2008, the Debtor filed its Chapter 11 Confirmation Hearing - Tally of Ballots (Docket No. 780) and, on July 9, 2008, filed its Chapter 11 Confirmation Hearing - Revised Tally of Ballots (Docket No. 802).

WHEREAS, the Court conducted the Confirmation Hearing on July 10, 2008.

NOW, THEREFORE, the Court having reviewed and considered the Disclosure Statement, the Revised Plan, the Plan Supplement and the documents contained therein, the Tally of Ballots and the Objections, and the Court having heard statements of counsel in support of and in opposition to Plan confirmation at the Confirmation Hearing, considered all testimony presented and evidence admitted at the Confirmation Hearing, and it appearing to the Court that (i) notice of the Confirmation Hearing was adequate and appropriate as to all parties to be affected by the Revised Plan and the transactions contemplated thereby and (ii) the legal and factual bases set forth in the Confirmation Papers and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW:[1]

A.    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Revised

---

[1]    The findings and conclusions set forth in this Confirmation Order and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has exclusive jurisdiction to determine whether the Revised Plan complies with applicable Bankruptcy Code provisions and should be confirmed.

     B.    <u>Judicial Notice.</u>  This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

     C.    <u>Transmittal and Mailing of Materials; Notice; Solicitation.</u>  The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, and service of the Solicitation Packages was adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required. Votes for acceptance or rejection of the Revised Plan were solicited in good faith and such solicitation complied with sections 1125 and 1126 of the Bankruptcy Code, the Disclosure Statement Order and all other applicable rules, laws and regulations.

     D.    <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).</u>  The Revised Plan complies with applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

          (a)    <u>Proper Classification (11 U.S.C. §§ 1122 & 1123(a)(1)).</u>  In addition to Administrative Expense Claims, Fee Claims, Priority Tax Claims and Priority Claims, which need not be classified, the Revised Plan designates five (5) Classes of Claims and interests. The Claims and interests placed in each Class are substantially similar to other Claims or interests, as the case may be, in each such Class. Valid business, factual and legal reasons

5

exist for separately classifying the various Classes of Claims and interests created under the Revised Plan, and such Classes do not unfairly discriminate between holders of Claims or interests. Thus, the Revised Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b)   Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Revised Plan specifies that Class 1 Obligations Claims are not impaired under the Revised Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(c)   Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). The Revised Plan designates Class 2 Convenience Claims, Class 3 General Unsecured Claims, Class 4 Old Equity Interests, and Class 5 510 Claims as impaired under the Revised Plan and specifies the treatment of Claims and interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(d)   No Discrimination Within Classes (11 U.S.C. § 1123(a)(4)). The Revised Plan provides for the same treatment by the Debtor for each Claim or interest in each respective Class unless the holder of a particular Claim or interest has agreed to a less favorable treatment of such Claim or interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(e)   Classification Takes Into Account Subordination Rights. The classification and manner of satisfying all Claims and interests under the Revised Plan takes into consideration all contractual, legal and equitable subordination and turnover rights, whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise, that a holder of a Claim or interest may have against other holders of Claims or interests with respect to any distribution made pursuant to the Revised Plan.

(f)   Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Revised Plan provides adequate and proper means for implementation of the Revised Plan, including, but not limited to the transfer of the Trust Assets to the Plan Trust, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(g)   Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)). The Revised Plan provides that the Amended Articles of Incorporation shall prohibit the issuance of non-voting equity securities to the extent required by section 1123(a)(6) of the Bankruptcy Code, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

(h)   Selection of Directors and Officers (11 U.S.C. § 1123(a)(7)). Pursuant to section 5.4(a) of the Revised Plan, the initial board of directors of the Reorganized Debtor (the "**Reorganized Board**") shall consist of the Person (the "**New Director**") listed on Exhibit D to the Plan Supplement.

Pursuant to section 5.4(b) of the Revised Plan, the initial officers of Reorganized Debtor shall consist of the Persons identified on Exhibit E to the Plan Supplement. At or prior to the Confirmation Hearing, the Debtor disclosed the identity and affiliations of any New Director proposed to serve on the Reorganized Board. The directors and officers of the Reorganized Debtor were selected in a manner consistent with the interests of creditors and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

(i)     <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The Revised Plan's provisions are appropriate, in the best interests of the Debtor and the Estate and not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) the assumption or rejection of executory contracts and unexpired leases; (ii) the establishment and funding of the Plan Trust; and (iii) releases of various persons and entities, exculpation of various persons and entities with respect to actions related to or taken in furtherance of the Chapter 11 Case and preliminary and permanent injunctions against certain actions against the Debtor, the Estate and the Debtor's properties.

E.     <u>The Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including with respect to the Revised Plan and the solicitation of acceptances thereof, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

(a)     The Debtor is a proper debtor under section 109 of the Bankruptcy Code and proper proponent of the Revised Plan under section 1121(a) of the Bankruptcy Code.

(b)     The Debtor has complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

(c)     The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Packages to holders of Class 2 Convenience Claims and Class 3 General Unsecured Claims and in soliciting and tabulating votes on the Revised Plan.

F.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Revised Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Chapter 11 Case was filed with an honest belief that the

Debtor was in need of reorganization, and the Revised Plan was negotiated and proposed with the intention of accomplishing a successful reorganization. The Revised Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code. In determining that the Revised Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the negotiation of the Plan Funding Commitment and the formulation and confirmation of the Revised Plan. The Chapter 11 Case was filed and the Revised Plan was proposed with the legitimate and honest purposes of reorganizing the Debtor, maximizing the value of the Debtor's assets and expeditiously distributing the Trust Assets to the Debtor's creditors and other interest holders.

G. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Revised Plan and incident to the Chapter 11 Case, requiring approval, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code. Pursuant to section 12 of the Revised Plan, and except as otherwise provided under the Revised Plan or herein, all such payments to be made to Professionals or other entities asserting a Fee Claim for services rendered will be subject to the review by and approval of the Court.

H. <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the persons proposed to serve as the New Directors and initial officers of the Reorganized Debtor after confirmation of the Revised Plan have been fully disclosed to the extent such information is available, and the appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and interests in the Debtor and with public policy.

To the extent available, the identity of any insider that will be employed or retained by the Reorganized Debtor and the nature of such insider's compensation have also been fully disclosed.

     I.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Revised Plan does not provide for any change in rates that require regulatory approval of any governmental agency. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

     J.    <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Revised Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis contained in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been successfully challenged or controverted by other evidence and (iii) establish that each holder of a Claim or interest in an impaired Class either (a) has accepted the Revised Plan or (b) will receive or retain under the Revised Plan, on account of such Claim or interest, property of a value, as of the Effective Date of the Revised Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

     K.    <u>Acceptance by Classes (11 U.S.C. § 1129(a)(8))</u>. Class 1 Obligations Claims is unimpaired by the Revised Plan. Under section 1126(f) of the Bankruptcy Code, holders of Class 1 Claims are conclusively presumed to have accepted the Revised Plan. Class 2 Convenience Claims and Class 3 General Unsecured Claims have voted to accept the Revised Plan in accordance with section 1126(c) of the Bankruptcy Code. Under section 1126(g) of the Bankruptcy Code, Class 4 Old Equity Interests and Class 5 510 Claims are deemed to have rejected the Revised Plan. Although section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to such rejecting Classes, the Revised Plan may nevertheless be confirmed because

the Revised Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such rejecting Classes. Section 13.6 of the Revised Plan contemplates non-consensual confirmation of the Revised Plan.

L.      Treatment of Administrative Expense Claims, Fee Claims Non-Tax Priority Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)).      The treatment of Allowed Administrative Expense Claims, Fee Claims and Allowed Non-Tax Priority Claims under sections 2.1, 2.4 and 2.5 of the Revised Plan, respectively, satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Allowed Priority Tax Claims under section 2.4 of the Revised Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code, thereby satisfying section 1129(a)(9) of the Bankruptcy Code.

M.      Acceptance by At Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)). Class 2 Convenience Claims and Class 3 General Unsecured Claims are impaired Classes of Claims that have voted to accept the Revised Plan in accordance with section 1126(c) of the Bankruptcy Code, determined without including any acceptance of the Revised Plan by any "insider," thereby satisfying section 1129(a)(10) of the Bankruptcy Code.

N.      Feasibility (11 U.S.C. § 1129(a)(11)).  The evidence proffered or adduced at the Confirmation Hearing (i) is reasonable, persuasive, credible and made in good faith, (ii) has not been controverted by other evidence and (iii) establishes that the Revised Plan is feasible and that there is a reasonable prospect of the Reorganized Debtor being able to meet its financial obligations under the Revised Plan and its business in the ordinary course and that Plan confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtor, thereby satisfying the requirements of section

1129(a)(11) of the Bankruptcy Code. The Debtor has demonstrated a reasonable assurance of the Revised Plan's prospects for success.

  O. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid pursuant to section 2.1.2 of the Revised Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

  P. <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>. Class 4 Old Equity Interests and Class 5 510 Claims (collectively, the "**Rejecting Classes**") are deemed to have rejected the Revised Plan. The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence and (iii) establishes that the Revised Plan does not discriminate unfairly, and is fair and equitable, with respect to the Rejecting Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code, because either (a) the holders of such impaired Claims and interests represented by the respective Rejecting Class will receive or retain on account of such Claim or interest property of a value, as of the Effective Date, equal to (1) the allowed amount of such Claim or (2) the allowed amount of any fixed liquidation preference to which such interest holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest, or (b) no holder of any interest that is junior to the impaired Claim or interest represented by the respective Rejecting Class will receive or retain any property under the Revised Plan on account of such junior interest, and no holder of a Claim in a Class senior to the Rejecting Classes is receiving more than 100% recovery on account of its Claim. Thus, the Revised Plan may be confirmed notwithstanding the deemed rejection of the Revised Plan by the Rejecting Classes.

Q. <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Revised Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e), and no governmental unit has objected to the confirmation of the Revised Plan on such grounds. The Revised Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

R. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. The evidence accepted at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence and (iii) establishes that the Debtor and Planet (collectively, the "**Protected Parties**") have (a) solicited acceptances or rejections of the Revised Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, section 1125 of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of the Court and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation and (b) participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Revised Plan. Accordingly, each of the Protected Parties is entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions and protections set forth in Article 10 of the Revised Plan.

S. <u>Good Faith Negotiations</u>. Planet conducted negotiations with the Debtor regarding the terms and conditions of each of the DIP Agreement, the Revised Plan Funding Commitment and all other aspects of Planet's equity investment in good faith and at arm's length, and accordingly, is entitled to all possible protections afforded by the Bankruptcy Code and the exculpatory and injunctive provisions and protections set forth in Article 10 of the Revised Plan

T.    <u>Satisfaction of Confirmation Requirements</u>. Based on the foregoing, the Revised Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

U.    <u>The Revised Plan and the Plan Supplement</u>. The technical modifications to the Revised Plan set forth in the Revised Plan, the Plan Supplement and this Confirmation Order do not materially or adversely affect or change the treatment of any Claim or Old Equity Interest. Accordingly, pursuant to Rule 3019 of the Bankruptcy Rules, these modifications and amendments neither require additional disclosure under section 1126 of the Bankruptcy Code nor require that holders of Class 2 Claims or Class 3 Claims be afforded an opportunity to change previously made acceptances or rejections of the Revised Plan, as distributed in the Solicitation Packages.

V.    <u>Retention of Jurisdiction</u>. This Court may properly retain jurisdiction over the Chapter 11 Case and all matters arising under, arising in or related to, the Chapter 11 Case and the Revised Plan to the fullest extent permitted by law, including, among other things, jurisdiction over the matters set forth in section 12 of the Revised Plan and herein.

W.    <u>No Retiree Benefits</u>. The Debtor has no and the Reorganized Debtor will have no contractual or other obligation to make any payment on account of accrued "retiree benefits," as that term is defined in section 1114(a) of he Bankruptcy Code.

X.    <u>Findings Regarding Third-Party Releases and Related Provisions</u>. The releases, settlements, compromises, discharges, exculpations and injunctions set forth in the Revised Plan, including, without limitation, those contained in section 10 of the Revised Plan, (i) have been negotiated in good faith and at arms' length, (ii) are consistent with sections 105, 1123(b)(6), 1129 and 1142 of the Bankruptcy Code, (iii) are each necessary for the Debtor's successful

reorganization and are integral to the structure of the Revised Plan and formed part of the agreement among all parties in interest embodied therein and (iv) satisfy the applicable legal standards. Each non-Debtor party that will benefit from the releases, settlements, compromises, discharges, exculpations and injunctions set forth in the Revised Plan, including, but not limited to those set forth in section 10 of the Revised Plan, either shares an identity of interest with the Debtor, was instrumental to the successful prosecution of the Chapter 11 Case and/or provided substantial consideration to the Debtor, which value will allow for distributions that would not otherwise be available but for the contributions made by such non-Debtor parties. The Debtor and all creditors that voted to accept the Revised Plan have expressly consented to the releases. Accordingly, in light of all circumstances, the releases are consonant with prevailing law in this District and are fair to all parties.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. <u>Confirmation of the Revised Plan</u>. The Revised Plan and each of its provisions (whether or not specifically approved herein) are approved and confirmed under section 1129 of the Bankruptcy Code, provided, however, that if there is any direct conflict between the terms of the Revised Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. Each of the terms and conditions of the Revised Plan, the Plan Supplement, as modified, and the exhibits and schedules thereto, are an integral part of the Revised Plan and are incorporated by reference into this Confirmation Order. The Revised Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local bankruptcy rules of the Court.

2. _Objections_. All Objections to confirmation of the Revised Plan that have not been withdrawn, waived or settled and all reservations of rights included therein, are overruled on the merits and for the reasons set forth on the record at the Confirmation Hearing.

3. _Modifications to Plan_. Upon entry of this Confirmation Order, in accordance with section 13.4 of the Revised Plan, the Debtor or the Reorganized Debtor, as the case may be, may amend or modify the Revised Plan, in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Revised Plan in such manner as may be necessary to carry out the purpose and intent of the Revised Plan. Except as provided in the preceding sentence, holders of Claims that have accepted the Revised Plan shall be deemed to have accepted the Revised Plan as altered, amended, modified or clarified unless the proposed alteration, amendment, modification or clarification materially and adversely changes the treatment of holders of Claims.

4. _Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent_. The provisions of the Revised Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

5. _Plan Classification Controlling_. The classification of Claims and interests for purposes of the distributions to be made under the Revised Plan shall be governed solely by the terms of the Revised Plan. The classifications and amounts of Claims, if any, set forth on the Ballots tendered to or returned by the Debtor's creditors in connection with voting on the Revised Plan (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Revised Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Revised Plan for distribution

purposes, (iii) shall not be binding on the Debtor or Reorganized Debtor except with respect to

voting on the Revised Plan, and (iv) may not be relied upon by any creditor or interest holder as

representing the actual classification of such Claims or interests under the Revised Plan for

distribution or any other purpose (other than for evidencing the vote of such party on the Revised

Plan).

6.      Binding Effect.  Pursuant to section 1141 of the Bankruptcy Code, effective as of

the Effective Date, the provisions of the Revised Plan (including the exhibits and schedules to,

and all documents and agreements executed pursuant to or in connection with, the Revised Plan)

and this Confirmation Order shall be binding on (i) the Debtor, (ii) all holders of Claims against

and Old Equity Interests in the Debtor, whether or not impaired under the Revised Plan and

whether or not such holders have accepted or rejected the Revised Plan, (iii) each Person or

entity receiving, retaining or otherwise acquiring property under the Revised Plan, including any

Person entitled to participate in or deemed a beneficiary of the Plan Trust, (iv) any non-Debtor

party to an executory contract or unexpired lease with the Debtor, (v) any Person or entity

making an appearance in the Chapter 11 Case or any other party-in-interest in the Chapter 11

Case and (vi) each of the foregoing's respective heirs, successors, assigns, trustees, executors,

administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries or

guardians.

7.      Claims Arising Under the DIP Agreement.  On the Effective Date, and subject to

and conditioned upon the issuance of the New Fieldstone Common Stock to Planet or its

designees, the Obligations shall be deemed indefeasibly repaid in full.  The (i) Obligations under

the DIP Agreement and (ii) Plan Funding Commitment shall be deemed contributed to the

Debtor in consideration of the issuance of the New Fieldstone Common Stock to Planet or its designees.

8.   <u>Revesting of Assets</u>.   After the Effective Date, the Reorganized Debtor shall continue to exist as a separate legal entity, with all applicable powers of a corporation under the laws of its state of incorporation and pursuant to its existing organizational documents, or the Amended Articles of Incorporation and Amended Bylaws, as applicable.   Except as otherwise provided in the Revised Plan or this Confirmation Order, on and after the Effective Date, all property and assets of the Estate of the Debtor, except the Trust Assets, and any other assets or property acquired by the Debtor or the Reorganized Debtor under or in connection with the Revised Plan, shall vest in the Reorganized Debtor free and clear of all Claims, liens, encumbrances, charges and other interests, without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules other than those restrictions expressly imposed by the Revised Plan and this Confirmation Order.   On and after the Effective Date, the Reorganized Debtor may operate its businesses and may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code, except as provided therein.

9.   <u>Section 1145 Exemption</u>.   Pursuant to section 1145(a) of the Bankruptcy Code, the offer, issuance, transfer or exchange of any security under the Revised Plan, including but not limited to New Fieldstone Common Stock, or the making or delivery of an offering memorandum or other instrument of offer or transfer under the Revised Plan, shall be exempt from section 5 of the Securities Act or any similar state or local law requiring the registration for offer or sale of a security or registration or licensing of an issuer or a security.   All shares of New

17

Fieldstone Common Stock issued under the Revised Plan and covered by section 1145(a)(1) of the Bankruptcy Code may be resold by holders thereof without registration, unless the holder is an underwriter (as defined in section 1145(b)(1) of the Bankruptcy Code with respect to such securities).

10.    Releases, Exculpation and Limitations of Liability. Except as otherwise provided in the Revised Plan, this Confirmation Order or a separate order of the Court, the release, exculpation and limitation of liability provisions set forth in the Revised Plan, including, but not limited to, those contained in section 10.8 of the Revised Plan are approved in all respects, are incorporated herein in their entirety, are so ordered and shall be immediately effective on the Effective Date of the Revised Plan without further order or action on the part of the Court, any of the parties to such releases or any other party. The releases, exculpation and limitation of liability provisions contained in the Revised Plan, including, but not limited to, those provided in section 10.8 of the Revised Plan, are fair and equitable and given for valuable consideration and are in the best interest of the Debtor and all parties-in-interest, and, accordingly, are hereby authorized, approved and binding in all respects on all Persons and entities described therein. To the extent that a release or other provision in the Revised Plan constitutes a compromise of a controversy, this Confirmation Order shall constitute an order under Bankruptcy Rule 9019 approving such compromise.

11.    Injunctions. The injunctions contained in the Revised Plan, including, but not limited to, those provided in sections 10.5 and 10.6 of the Revised Plan, are hereby authorized, approved and binding on all Persons and entities described therein. Except as otherwise provided in the Revised Plan, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against the Debtor or the

18

Estate are, with respect to any such Claims, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, or the Reorganized Debtor or any of their property or any direct or indirect successor in interest to the Debtor or the Reorganized Debtor or any property of any such successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtor or the Reorganized Debtor or any of their property, or any direct or indirect successor in interest to the Debtor or Reorganized Debtor or any property of any such successor; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor or the Reorganized Debtor or any of their property, or any successor in interest to the Debtor or Reorganized Debtor; and (d) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the full extent permitted by applicable law. For the avoidance of doubt, all Persons who may participate in or are entitled to receive a distribution from the Plan Trust are enjoined from asserting any claim against either the Debtor or the Reorganized Debtor for (i) any and all actions performed by the Debtor or the Reorganized Debtor with respect to the Plan Trust, including the contribution of the Trust Assets; (ii) the administration of the Plan Trust; and (iii) any and all entitlements to distributions from the Plan Trust. The Plan Trust shall be a successor in interest to the Debtor for all purposes related to administration and distribution of the Trust Assets. Accordingly, the Reorganized Debtor is relieved of any and all responsibility for the administration of the Plan Trust.

12.  <u>Assumed Contracts and Leases</u>.  Subject to the occurrence of the Effective Date and section 8.3 of the Revised Plan, all executory contracts and unexpired leases to which the Debtor is currently a party are hereby rejected; except for any executory contracts or unexpired leases that (i) have been assumed or rejected pursuant to Final Order of the Bankruptcy Court, (ii) are designated specifically or by category as a contract or lease to be assumed on a schedule to be contained in the Plan Supplement, as such schedule may be amended from time to time prior to the Effective Date to include additional or exclude pre-existing contracts and agreements, or (iii) are the subject of a separate motion to assume or reject filed under section 365 of the Bankruptcy Code by the Debtor prior to the Effective Date.  Any cure amounts, determined pursuant to separate motion and order from the Bankruptcy Court, shall be paid by the Reorganized Debtor and shall not be an obligation of the Plan Trust.

13.  <u>General Authorizations</u>.  Pursuant to section 1142(b) of the Bankruptcy Code and in each case without further notice to, hearing before or order of the Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person, the Debtor, the Reorganized Debtor and their respective officers and directors and all other necessary parties are authorized and empowered to:

(a)  take any and all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, leases, indentures, and other agreements, documents and transactions contemplated by or described in the Revised Plan or in this Confirmation Order;

(b)  issue, as applicable, the New Fieldstone Common Stock to Planet or its designees and any other securities and documents; and

(c)  perform any and all other acts that are necessary, appropriate or required to comply with or carry out the terms and conditions of the Revised Plan or this Confirmation Order.

14.  <u>Authority to Act</u>.  The Debtor through the Effective Date, the Plan Trust after the Effective Date, and the Reorganized Debtor, and their respective authorized representatives,

officers and directors are authorized and empowered pursuant to any applicable corporation, limited liability company and limited partnership laws of the jurisdiction in which the Reorganized Debtor or the Plan Trust is incorporated, organized or formed, to take any and all actions necessary or desirable to implement the transactions contemplated by the Revised Plan, the Plan Trust and this Confirmation Order, in each case without any requirement of further vote, consent, approval, authorization or other action by the stockholder, security holders, officers, directors, partners, managers, members or other owners of the Debtor, the Plan Trust or the Reorganized Debtor or notice to, order of, or hearing before the Court. Each federal, state and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Revised Plan and the transactions contemplated thereby.

15. <u>Government Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any governmental authority with respect to the implementation or consummation of the Revised Plan and any documents instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Revised Plan, the Disclosure Statement, the Plan Supplement and any documents, instruments or agreements contained therein, and any amendments or modifications of any of the foregoing.

16. <u>Exemption from Transfer Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, (i) the issuance, transfer or exchange (or deemed issuance, transfer or exchange) of any notes or securities under the Revised Plan or this Confirmation Order, including, without limitation, the New Fieldstone Common Stock; (ii) the creation of any mortgage, deed of trust or other security interest; (iii) the making or assignment of any lease or sublease; or (iv) the making

or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Revised Plan or this Confirmation Order, including, without limitation, any deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Revised Plan shall not be subject to any stamp, real estate transfer, mortgage recording or similar tax. Each federal, state, commonwealth, local, foreign or other governmental agency is hereby authorized and directed to accept any and all documents, mortgages and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Revised Plan and this Confirmation Order.

17.   <u>Professional Fee Claims</u>.  All Professional Persons seeking allowance by the Bankruptcy Court of a Fee Claim (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by a date that is no later than the date that is forty-five (45) calendar days after the Effective Date and (ii) shall be paid by the Plan Trust in full from the Disbursement Account in such amounts as are approved by the Bankruptcy Court (a) upon the later of (i) the Effective Date and (ii) ten (10) calendar days after the date upon which the order relating to the allowance of any such Fee Claim is entered or (b) upon such other terms as may be mutually agreed upon between the holder of such Fee Claim and the Plan Trust. The Revised Plan shall not affect any party-in-interest's rights to object to Fee Claims. If the Debtor or Reorganized Debtor and any such applicable party-in-interest cannot agree on the amount of fees and expenses to be paid to such party, the reasonableness of any such fees and expenses shall be determined by the Court.

18.   <u>Resolution of Disputed Claims</u>.  Except as otherwise ordered by the Court, any Disputed Claim shall be determined, resolved or adjudicated in accordance with the terms of this

Confirmation Order and the Revised Plan, including, without limitation, section 7 of the Revised Plan.

19.  Payment of Fees.  All fees payable pursuant to section 1930 of title 28, United States Code shall be paid by the Debtor, on or before the Effective Date.

20.  Discharge of the Debtor.  To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Revised Plan or this Confirmation Order, the rights afforded in the Revised Plan and distributions to be made thereunder shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any kind or nature whatsoever against the Debtor or any of its assets or properties, and regardless of whether any property shall have been distributed or retained pursuant to the Revised Plan on account of such Claims. The Revised Plan discharge provision set forth in section 10.3 of the Revised Plan is approved in all respects, is incorporated herein in its entirety, is so ordered and shall be effective on the Effective Date of the Revised Plan without further order or action on the part of the Court or any other party. Except as otherwise expressly provided by the Revised Plan, the Plan Trust Agreement or this Confirmation Order, upon the Effective Date, all holders of Claims shall be, and shall be deemed to be, forever precluded and enjoined from prosecuting any such discharged Claim against the Debtor, the Reorganized Debtor or the Plan Trust.

21.  Release of Liens.  The release and discharge of all mortgages, deeds of trust, liens or other security interests against property of the Estate is approved in all respects and so ordered and shall be immediately effective on the Effective Date of the Revised Plan without further order or action on the part of the Court. All entities holding Claims against or interests in the Debtor that are treated under the Revised Plan are hereby directed to execute, deliver, file or

record any document, and to take any action, necessary to implement, consummate and otherwise effect the Revised Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Revised Plan. Upon entry of this Order, all entities holding Claims against or interests in the Debtor that are treated under the Revised Plan, and other parties in interest, along with their respective present or former employees, agents, officers, directors or principals, shall be enjoined from taking actions to interfere with the implementation and consummation of the Revised Plan.

22. <u>Termination of Old Equity Interests</u>. On the Effective Date, except as otherwise provided in the Revised Plan or this Confirmation Order, the Old Equity Interests in the Debtor shall be terminated, cancelled and extinguished.

23. <u>Notice of Confirmed Plan</u>. In accordance with Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), as soon as reasonably practicable after the Confirmation Date, the Debtor shall mail notice of the entry of this Confirmation Order to all creditors and parties in interest in the Chapter 11 Case

24. <u>No Liability for Protected Parties</u>. Based on the factual findings described in this Confirmation Order, the Protected Parties are not, and on account of or with respect to the offer or issuance of any security under the Revised Plan, and/or solicitation of votes on the Revised Plan, will not be, liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Revised Plan or the offer and issuance of any securities under the Revised Plan. The Protected Parties have solicited votes on the Revised Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of the Court and all other

applicable rules, laws, and regulations and are, therefore, entitled to, and are hereby granted, the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation, release and limitation of liability provisions set forth in section 10 of the Revised Plan.

25. <u>Substantial Consummation</u>. "Substantial Consummation" of the Revised Plan, as defined in 11 U.S.C. § 1101(2), shall be deemed to occur on the Effective Date.

26. <u>Estimation Proceedings</u>. Any and all rights of the Debtor and Reorganized Debtor under section 502(c) of the Bankruptcy Code are reserved.

27. <u>Other Rights</u>. Any and all rights of the Debtor and Reorganized Debtor under section 502(e) of the Bankruptcy Code are reserved.

28. <u>Reversal or Modification of Confirmation Order</u>. Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated or stayed by subsequent order of the Court, or any other court of competent jurisdiction, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority or lien incurred or undertaken by the Debtor or the Reorganized Debtor, as applicable, prior to the date that the Debtor received actual written notice of the effective date of such reversal, stay, modification or vacatur. Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the date that the Debtor received actual written notice of the effective date of such reversal, stay, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Revised Plan, or any amendments or modifications thereto, in effect prior to the date that the Debtor received such actual written notice.

29.    <u>Failure to Consummate Plan</u>.    If each of the conditions precedent to the occurrence of the Effective Date contained in section 9.2 of the Revised Plan has not been satisfied or duly waived on or before the first Business Day that is sixty (60) days after the Confirmation Date, or such later date as is proposed and approved after notice and a hearing, by the Bankruptcy Court, then upon motion by the Debtor made before the time that all conditions have been satisfied or duly waived, this Confirmation Order shall be vacated by the Court.  If this Confirmation Order is so vacated, the Revised Plan shall be null and void in all respects, and nothing contained in the Revised Plan or this Confirmation Order shall constitute a waiver or release of any Claims by, or against, the Debtor or the allowance of any Administrative Expense Claim or Claim.

30.    <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case and all matters arising under, arising in, or related to, the Chapter 11 Case and the Revised Plan to the fullest extent permitted by law, including, among other things, jurisdiction over the matters set forth in section 12 of the Revised Plan.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Order.

31.    <u>Headings</u>.  The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

32.    <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Revised Plan in this Confirmation Order shall not diminish or impair

the effectiveness of such provision, it being the intent of the Court that the Revised Plan (and the exhibits and schedules thereto) be confirmed in its entirety and incorporated herein by reference.

33. <u>Immediate Effectiveness of this Confirmation Order</u>. Pursuant to Bankruptcy Rule 3020(e), the ten day stay of this Confirmation Order imposed thereby is waived and the Debtor is hereby authorized to consummate the Revised Plan and the transactions contemplated thereby immediately upon the entry of this Confirmation Order upon the docket and upon the satisfaction or waiver of the conditions set forth in section 9 of the Revised Plan.

**- End of Order -**

cc:

Joel I. Sher, Esq.
Shapiro Sher Guinot & Sandler
36 S. Charles Street, Ste. 2000
Baltimore, MD 21201

Office of the U.S. Trustee
Garmatz Federal Courthouse
101 West Lombard Street, Ste. 2625
Baltimore, MD 21201

Jeffrey Neil Rothleder, Esq.
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Andrew I. Silfen, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10166

Gerald Bender, Esq.
O'Melveny & Meyers LLP
Time Square Tower
7 Times Square
New York, NY 10036

Peter S. Partee, Esquire
Hunton & Williams
200 Park Ave., 53rd Fl.
New York, NY 10166