## IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY

OLIVIA JOANNE MORGAN  
8227 Cloverleaf Drive  
Suite 303  
Millersville, Maryland 21108  

    Plaintiff  
v.

CASE NO.: C-10-151269

LITTON LOAN SERVICING, LP  
4828 Loop Central Drive  
Houston, Texas 77081  
    Serve on: CSC Lawyers Incorporating  
                Servicing Company  
                7 St. Paul Street, Suite 1660  
                Baltimore, Maryland 21202  

    Defendant  

And  

AMERICAN MODERN INSURANCE GROUP  
7000 Midland Blvd.  
Amelia, Ohio 45102-2607  
    Serve on: Michael Flowers  
                7000 Midland Boulevard  
                Amelia, Ohio 45102-2607  

    Defendant  

And  

FIELDSTONE MORTGAGE COMPANY  
11000 Broken Land Parkway, #600  
Columbia, Maryland 21044  
    Serve on: CSC Lawyers Incorporating  
                Servicing Company  
                7000 Midland Boulevard  
                Amelia, Ohio 45102-2607  

    Defendants  

\*    \*    \*    \*    \*    \*    \*

[Stamped: 2010 APR 19 PM 2 12 CIVIL DEPARTMENT]

## COMPLAINT

Olivia JoAnne Morgan, Plaintiff, by S. Kennon Scott, her attorney, sues Litton Loan Servicing, LP and American Modern Insurance Group, and Fieldstone Mortgage Company Defendants, and states:

1. Plaintiff is a resident of Anne Arundel County, Maryland.

2. Defendant Litton Loan Servicing, LP is, to the best of Plaintiff's knowledge a Texas limited liability partnership, doing business in Maryland.

3. Defendant American Modern Insurance Group is a corporation doing business in Maryland.

4. Defendant Litton Loan Servicing, LP (hereinafter "Litton") is an agent for the owner and holder of the first mortgage on real property owned by the Plaintiff known as 472 Avon Court, Friendship, Maryland 20758 (hereinafter "the Property).

5. Defendant American Modern Insurance Group (hereinafter "Modern") issued a homeowner's insurance policy on the above-referenced real estate, which policy was meant by the parties to provide hazard insurance for the Property.

6. Jurisdiction over Defendant Litton is based upon Maryland Code, Courts and Judicial Proceedings, Section 6-103(b)(1)(1973).

7. Jurisdiction of this Court over Defendant Modern is based upon Maryland Code, Courts and Judicial Proceedings, Section 6-103(6)(1973).

8. The Court has jurisdiction over Defendant Fieldstone Mortgage Company because it is a Maryland corporation with its principal place of business in Maryland at 11000 Broken Land Parkway, #600, Columbia, Maryland 21044.

## COUNT I

9. Plaintiff adopts and incorporates herein the averments of paragraph 1 through 8.

10. Plaintiff understands and therefore avers that Fieldstone assigned all of its right, title and interest in the mortgage on the Property to Litton.

11. During a time of Plaintiff's inability to make scheduled mortgage payments, Litton purchased hazard insurance for The Property naming itself as primary loss payee but without naming the Plaintiff as a payee.

12. Substantial losses were incurred to the Property which was covered by the insurance policy purchased by Litton.

13. The insurance proceeds could have been used to repair The Property or make payments on the mortgage loan or both, however Litton has not required the insurer (Modern) to deliver the insurance proceeds to it for either of those purposes.

14. Accordingly, and as a result of naming itself as primary loss payee, Litton has caused the Plaintiff to suffer damages including, but not limited to, further damage to The Property as a result of the insurance proceeds not being used to repair damages, as well as the alleged increase in the Plaintiff's indebtedness to Litton as a result of Litton not applying the insurance proceeds toward the alleged indebtedness of the Plaintiff.

15. Litton owed a duty to the Plaintiff to ensure that any insurance policy that it purchased named the Plaintiff as a primary loss payee so that she could utilize the insurance proceeds to either repair damages to The Property, pay the alleged mortgage indebtedness or both.

16. Defendant Litton had an obligation to purchase hazard insurance that would include the Plaintiff as a primary loss payee. By instead naming itself as the primary loss payee

and failing to insure payment of funds for the damage to the property, Defendant Litton acted in bad faith and its conduct was not commercially reasonable under the circumstances.

17. Defendant Litton conducted itself only for the benefit of the lender, Fieldstone Mortgage Company and failed altogether to include the obvious interest of the Plaintiff, as owner of The Property.

18. As a result of the breach of the implied covenant of good faith and fair dealing by Defendant Litton Plaintiff suffered damages.

WHEREFORE, Plaintiff prays:

1. For a judgment against Defendant Litton Loan Servicing, LP in the amount of Four [Five] Hundred Fifty Thousand Dollars ($450 [500],000) plus attorney's fees and costs and;

2. That the mortgage be rescinded and;

3. For such other and further relief as this Court may deem justified.

## COUNT II

19. Plaintiff adopts and incorporates herein the averments of paragraph 1 through 18.

20. At the time that Plaintiff applied for a mortgage loan from Fieldstone Mortgage Company, it was given Truth-in-Lending disclosures which described a fixed interest rate loan.

21. At the time of closing on the mortgage transaction with Fieldstone, the Plaintiff was given numerous closing documents which included interest at an adjustable rate instead of

the fixed rate previously described. The nature of the closing transaction, including pressure from the settlement agent to sign documents quickly and without review, however, kept the Plaintiff from studying the loan documents in such a manner as to become aware that the lender had without notice altered the transaction to an "adjustable rate" loan transaction.

22. The interest rate agreed upon by the parties was substantially lower than the adjustable interest rate that Fieldstone Mortgage has been charging the Plaintiff many thousands of dollars in excessive interest.

23. The failure to disclose the change to an adjustable rate loan, and the charging of interest at rates substantially higher than originally agreed between the parties has caused damages to the Plaintiff.

24. Plaintiff gave notice that the final loan documents did not have the interest rate contained in the Truth-in-Lending Disclosures on or about December 2, 2009. Defendant did not within 60 days after receipt of the notice, or at any time thereafter, correct the error by issuing loan documents at the fixed rate contained in the Truth-in-Lending Disclosures.

WHEREFORE, the Plaintiff demands judgment against Defendant Fieldstone Mortgage Company in the amount of Five Hundred Thousand Dollars ($500,000) plus interest and costs.

## COUNT III

25. Plaintiff adopts and incorporates here in the averments of paragraph 1 through 24.

26. The Property was damaged by water to such an extent that it has been destroyed. The home on the Property should be razed and rebuilt.

27. Notwithstanding the foregoing, Defendant Modern has offered to pay only $80,000 to cover the damages, representing less than ¼ of the actual damages to the Property.

28.     Under the terms of its policy, Modern is obligated to pay all rather than the small fraction of the damages that it has offered.

29.     The cost to raze and rebuild the home is $500,000.

30.     Defendant Modern has breached its insurance contract, of which the Plaintiff is an implied or intended beneficiary, by failing to pay the covered loss.

WHEREFORE, Plaintiff demands judgment against Defendant American Modern Insurance Group in the amount of Fifty Hundred Thousand Dollars ($750,000) plus interest and costs.

*S.K. Scott*
S. Kennon Scott
133 Defense Highway, Suite 205
Annapolis, Maryland 21401
(410) 224-7077
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Olivia JoAnne Morgan demands a jury trial in this action.

*S.K. Scott*
S. Kennon Scott
133 Defense Highway, Suite 205
Annapolis, Maryland 21401
(410) 224-7077
Attorney for Plaintiff

TRUE COPY,
TEST: Robert P. Duckworth, Clerk
By:_____ Deputy