```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND


OLIVIA JOANNE MORGAN          *
                              *
v.                            *
                              *   Civil Action No. WMN-10-1865
LITTON LOAN SERVICING LP      *
et al.                        *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendant Litton Loan Servicing LP (Litton). Paper No. 15. The motion is unopposed and the time for filing an opposition has expired. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be granted.

This action arises out of Plaintiff's residential mortgage loan. Defendant Litton was an agent for the owner and holder of her first mortgage. Plaintiff alleges that, during a time in which she was unable to make payments, Litton purchased hazard insurance for the property through Defendant American Modern Insurance Group (Modern). Litton named itself as the primary loss payee but did not name Plaintiff as a payee. At some point after the insurance was obtained, a substantial loss was incurred to the property which was covered under the terms of the Modern policy.

Plaintiff asserts three causes of action in her complaint. Plaintiff alleges that the original mortgage lender, Fieldstone Mortgage Company (Fieldstone), violated truth-in-lending laws by giving disclosures that indicated the loan would be a fixed rate loan but then having her sign for an adjustable rate loan at the closing (Count II). Fieldstone is now in bankruptcy and has been voluntarily dismissed from this action.

Plaintiff also brings a claim against Modern asserting that it has offered to pay only a fraction of the actual damages that the property incurred. Plaintiff argues that Modern has breached its insurance contract, of which the Plaintiff is an implied or intended beneficiary, by failing to pay the full value of the loss (Count III). Modern has filed its answer to the complaint.

In Count I of the Complaint, Plaintiff asserts that Litton had an obligation to purchase hazard insurance that included Plaintiff as a primary loss payee. Plaintiff further alleges that Litton has failed to require Modern to deliver the insurance proceeds so that those proceeds could be used either to repair the property or to make payments on the mortgage loan. Litton's failure to do so has caused further damage to the property and has increased Plaintiff's indebtedness. By these actions, Plaintiff avers that Litton has breached the implied covenant of good faith and fair dealing. Id. ¶ 18.

In moving to dismiss, Litton contends that Plaintiff's cause of action against it is factually and legally unsupported. As for the lack of factual support for Plaintiff's claim, Litton notes that the Deed of Trust which Plaintiff identifies in her Complaint as the "first mortgage" contains the following provision:

> Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire . . . and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan . . . .
>
> If Borrower failed to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. <u>Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect.</u>

Litton Ex.1 at ¶ 5 (emphasis added).[1] Thus, Litton was expressly authorized to do that of which Plaintiff now complains.

Litton is also correct that Plaintiff's claim against it is legally unsupportable. Under Maryland law, there is no

---

[1] The Court can take judicial notice of and consider the Deed of Trust without converting this motion to one for summary judgment because the Deed of Trust is referenced in the Complaint, forms the basis of the claim against Defendant Litton, and its authenticity has not been disputed. See <u>Gasner v. County of Dinwiddie</u>, 162 F.R.D. 280, 282 (E.D. Va. 1995).

3

independent cause of action for a breach of an implied covenant of good faith and fair dealing. Baker v. Sun Co., 985 F. Supp. 609, 610 (D. Md. 1997); Mount Vernon Props. LLC v. Branch Banking & Trust Co., 907 A.2d 373, 382 (Md. Ct. Spec. App. 2006). While Maryland does recognize a duty of good faith and fair dealing in the performance of a contract, that duty is merely a part of an action for breach of contract. Swedish Civil Aviation Admin. v. Project Mgmt. Enter., Inc., 190 F. Supp. 2d 785, 794 (D. Md. 2002). That duty, however, cannot obligate a party to take affirmative action beyond what is obligated under the terms of the contract. See, e.g., Mikeron. Inc. v. Exxon Co., USA, 264 F. Supp. 2d 268, 272-73 (D. Md. 2003) (holding that a franchisor did not breach its duty of good faith and fair dealing by refusing to approve a franchisee's transfer of service stations, where the franchise agreement explicitly prohibited the franchisee from transferring or assigning the stations).

For these reasons, the Court will grant Litton's motion to dismiss. A separate order will issue.

          _____/s/_____
          William M. Nickerson
          Senior United States District Judge

DATED: September 1, 2010.